SUTTON, Circuit Judge,
concurring in part and in the judgment.
I join all of Judge Gibbons’s opinion except for Part IV. Even as to Part IV, I agree with Judge Gibbons that there is no social-worker exception to the Fourth Amendment. And I agree that the social workers are entitled to qualified immunity.
I see no need, however, to decide whether these social workers violated the Fourth Amendment. See Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (“[T]he courts of appeals [have] discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.”). All I would say, and all we need to say to resolve this case, is that the social workers could “reasonably [have] believe[d] that [their] conduct complie[d] with the law.” Pearson, 555 U.S. at 244, 129 S.Ct. 808. First, as Judge Gibbons correctly observes, it was unclear in 2008 whether, and if so how, the Fourth Amendment applied to social workers accompanying police officers to a residence where child abuse was suspected. See supra Part IV.B.1. Second, the social workers reasonably relied on the officer’s decision to enter the home, whether because the officer’s entry confirmed the fear that an exigent circumstance (child endangerment) was afoot or because it confirmed that the officers had obtained consent to enter.
The social workers had no information undermining this reasonable assumption. Although Dale Andrews allegedly told the officers not to come in, nothing in the record indicates the social workers knew that. Everyone agrees that the Andrews never asked the social workers to leave. R.54-5 (Davis deposition) at 88; R.54-6 *865 (Wright deposition) at 35-36; R.54-7 (Primm deposition) at 37, 60-61; R.54-8 (Patricia Andrews deposition) at 57-62; R.54-9 at 26-27 (Dale Andrews deposition). And according to the Andrews, the social workers followed one of the officers into the home. See, e.g., R.54-3 at 7. Absent indications to the contrary, later-arriving police officers as a general matter may assume their colleagues have entered a house for a lawful reason, such as exigent circumstances or consent. See Turk v. Comerford, 488 Fed.Appx. 933, 946, No. 11-3682, 2012 WL 2897476, at *11 (6th Cir. July 17, 2012) (granting qualified immunity to officer who entered after other officers because “law-enforcement officers may generally assume that other officers have acted lawfully”); Sargent v. City of Toledo Police Dep’t, 150 Fed.Appx. 470, 474 (6th Cir.2005) (“[N]o Fourth Amendment violation occurs when an officer follows a partner inside after the partner has already entered the home.”); cf. Hardesty v. Hamburg Turp., 461 F.3d 646, 656 (6th Cir.2006). There is no reason social workers should be treated differently. In the final analysis, the social workers did not violate any clearly established rights of the Andrews family, and I would leave it at that.